[No. 43580.   En Banc.   July 31, 1975.]

COY L. McINTURF et al, Petitioners, JERRY ELLIS, Appellant, v. P. BRICE HORTON, as Judge, Respondent.

Lawrence F. Baker, for appellant.

Curtis Ludwig, Prosecuting Attorney, and John Crawford and Dennis Yule, Deputies, for respondent.

WRIGHT, J.—The question herein is whether counsel must be appointed for an indigent defendant in a misdemeanor case wherein conviction may result in loss of liberty. We hold such appointment of counsel is required.

Appellant was charged in the Benton County District Court, Kennewick Municipal Division, with violations of certain Kennewick city ordinances—negligent driving and leaving the scene of an accident. Those violations are punishable under the Kennewick City Code by imprisonment up to 6 months in jail and/or a fine of up to $500.

Appellant informed the district court judge that the sole means of support for himself and his family was a public assistance grant and he lacked means to retain counsel. He requested appointment of counsel, which request was denied. The appellant sought a writ of mandate in the Benton County Superior Court to require the appointment of counsel. That was denied. This appeal followed.

JCrR 2.11(a)(1) provides:

The right to counsel shall extend to all criminal proceedings for offenses punishable by loss of liberty regardless of their denomination as felonies, misdemeanors, or otherwise.

JCrR 2.11(a)(1) is not ambiguous. The language refers to "all criminal proceedings for offenses punishable by loss of liberty" (Italics ours.) whether or not they are so punished.

We, therefore, hold that JCrR 2.11(a)(1) mandates the appointment of counsel in every case wherein loss of liberty is provided by law.

We reject the idea that a court can determine in advance of trial what the punishment will be. Such a procedure would violate every concept of due process. Whether one uses the approach of "subjective imprisonment-in-fact" (a case-by-case approach), or uses "objective imprisonment-in-fact" (considering a class of cases), the same vice appears.

The power to decide what acts shall be criminal, to define crimes, and to provide what the penalty shall be is legislative. The legislative body likewise classifies crimes in accordance with seriousness, *i.e.*, felonies, gross misdemeanors, and misdemeanors. Any crime for which the legislative authority has provided incarceration as the penalty, or as one of the possible penalties, is within the terms of the rule. It would be wholly wrong for a court or a judge to determine in advance to abrogate a part of a statute or ordinance—either in a specific case or in a whole class of cases.

This court rejected such an idea upon the adoption of JCrR 2.11(a)(1). The rule was obviously patterned after the American Bar Association Project on Standards for Criminal Justice, Standards Relating to Providing Defense Services (approved draft, 1968). Standard 4.1 reads as follows at page 150:

> Counsel should be provided in all criminal proceedings for offenses punishable by loss of liberty, *except those types of offenses for which such punishment is not likely to be imposed,* regardless of their denomination as felonies, misdemeanors or otherwise.

(Italics ours.) The elimination of the italicized words is a clear indication of the intention of this court in the adoption of JCrR 2.11(a)(1).

If the legislature has provided for a jail sentence for any designated crime, then it follows that in any prosecution therefor, every person who is financially unable to employ counsel must have counsel appointed unless he or she has intelligently and knowingly waived the right to counsel. No question of waiver is involved in this case. The appellant

was at all times actively requesting that counsel be appointed for him.

We adhere to *Hendrix v. Seattle*, 76 Wn.2d 142, 456 P.2d 696 (1969), so far as it deals with the power of the legislature. *Hendrix*, however, was prior to *Argersinger v. Hamblin*, 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006 (1972). Those portions of *Hendrix* which are in conflict with *Argersinger*—that is, the portion holding there is no right to appointment of counsel in misdemeanor prosecutions—are, of necessity, overruled.

The judgment appealed from is hereby reversed and it is ordered the writ of mandate shall issue to the Benton County District Court, Kennewick Municipal Division, directing that counsel be appointed for appellant.

STAFFORD, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, UTTER, BRACHTENBACH, and HOROWITZ, JJ., concur.