[No. 44073.    En Banc.    August 26, 1976.]

THE STATE OF WASHINGTON, *Plaintiff*, v. WILLIAM WALKER, *Petitioner*, SUPERIOR COURT FOR THE COUNTY OF SPOKANE, *Respondent.*

*Norman Rosenberg* and *David M. Thorn* of *Spokane County Legal Services,* for petitioner.

*Donald C. Brockett, Prosecuting Attorney,* and *Roger C. Clement, Jr., Deputy,* for respondent.

BRACHTENBACH, J.—The central question is the right of an indigent to appointed counsel in a filiation proceeding. Following the procedures of RCW 26.24, the Spokane County prosecutor, in district court, alleged that the defendant was the father of a child born out of wedlock. A hearing was held in district court, but only after the court had appointed the Spokane public defender to represent petitioner as an indigent. After hearing, petitioner was bound over to superior court pursuant to RCW 26.24.020.

At the superior court, the Spokane County public defender moved to withdraw. The court granted the motion and stayed the proceedings to allow petitioner to appeal the question of his right to appointed counsel.

We affirm the trial court's order allowing withdrawal of counsel and deny petitioner's right to appointed counsel at this stage of the proceedings.

While petitioner makes sweeping attacks upon the filiation proceedings based upon due process and equal protection concepts, it is important to identify what is not involved here. The proceedings in district court are not in issue despite petitioner's arguments thereon. Petitioner was represented by appointed counsel and whether he had a constitutional right to appointed counsel at that stage is no longer an issue. Petitioner was bound over to superior court without any bond requirement which the court might have imposed under RCW 26.24.020. Failure to post a required bond could result in jail confinement. While the statute is couched in terms that the district court shall

commit the accused absent a required bond, the court has discretion whether to require the bond. *State v. Pearson,* 13 Wn. App. 870, 538 P.2d 567 (1975). Since petitioner was not ordered to post bond or be incarcerated, that question is not present either.

The only question is whether the pending filiation proceedings in superior court are of such a nature and consequence as to require, constitutionally, appointed counsel.

■ The purposes of a filiation action are two: (1) determination of paternity; and (2) imposition of a support obligation if the accused is found to be the father of the child. Never is a deprivation or restriction of liberty a direct result of a filiation proceeding. *Artibee v. Cheboygan Circuit Judge,* 54 Mich. App. 433, 221 N.W.2d 225, *appeal granted,* 393 Mich. 773 (1974).

Petitioner argues that under RCW 26.24.090 the court may require him to post a bond if the paternity issue is found against him. That statute provides for a support judgment "[a]nd the accused shall be required by said court to give bond . . . for the payment of such sums of money as shall be so ordered by said court." The bond is not mandatory but rather the court must exercise its discretion in determining whether to impose a bond and the amount thereof. *State v. Pearson, supra.* Since the case itself has not been tried, obviously there has been no bond required. It does not seem that petitioner's indigent status makes a bond imposition very likely. However, we do not know what petitioner's status will be after the matter is tried.

In any event, petitioner couples the possibility of being required to post a bond with RCW 26.24.120 which would allow the court to commit petitioner to jail if he refuses and neglects to give the security ordered. Also RCW 26.24.150 gives the court power to commit the accused to jail for contempt of court in case of default of payments upon the support judgment.

■■ In building his due process argument, petitioner points to *Argersinger v. Hamlin,* 407 U.S. 25, 32 L. Ed. 2d

530, 92 S. Ct. 2006 (1972), and *McInturf v. Horton*, 85 Wn.2d 704, 538 P.2d 499 (1975). In both those cases imprisonment was an imminent, direct result of the criminal proceedings. We recognize that the name given to the action is not controlling. It is the threat of imprisonment which is the determining factor. The whole matter is controlled by *Tetro v. Tetro*, 86 Wn.2d 252, 255 n.1, 544 P.2d 17 (1975), wherein we held:

> *The threat of imprisonment* upon which we hold the right to counsel turns *must be immediate.* The mere possibility that an order in a hearing may later serve as the predicate for a contempt adjudication is not enough to entitle an indigent party therein to free legal assistance. Thus the state need not furnish counsel to defendants in child support suits which may subsequently result in orders the violation of which would be contemptuous.

(Italics ours.)

Here the petitioner has not yet even been found to be the father. He might prevail on that issue. If he does not prevail, he might not be ordered to post bond. If judgment is entered against him, he might never default or might prove that the default did not justify incarceration. The web of possibilities is too great to hold that the threat of imprisonment is immediate.

The only relevant case discovered by the court's research is *Artibee v. Cheboygan Circuit Judge, supra.* The court had before it a statute quite similar to ours. It made a due process analysis comparable to this case and held there was no constitutional right to counsel.

Petitioner also advances an equal protection argument but fails to define a class which is denied equal protection. The due process question is the real issue, not equal protection.

We note that the present filiation act is repealed by Laws of 1976, 1st Ex. Sess., ch. 42, an act based on the uniform parentage act. The new act is not effective until 90 days after adjournment of the legislature. It was mentioned first in respondent's answering brief. In his reply brief, petitioner urges that the act threatens equal or greater loss of

liberty and attacks its constitutionality on several grounds, for example that it does not provide free blood tests to accused indigents. We decline the invitation to speculate about the application, meaning, and constitutionality of an act not yet applied at the trial court and which was not even in effect at the time of submission of briefs and argument. This is an especially valid position when the act has not been in fact applied yet to this petitioner and we have not had the benefit of adversary briefing.

The trial court's order allowing withdrawal of appointed counsel is affirmed and petitioner's motion for appointment of counsel is denied.

STAFFORD, C.J., and ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, HOROWITZ, and DOLLIVER, JJ., concur.