[No. 2103-2.    Division Two.    December 13, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES E. DURNELL, *Appellant*.

*John McCarthy,* for appellant.

*Donald Herron, Prosecuting Attorney, Charles J. Herrmann, Deputy,* and *Joseph D. Mladinov, Special Counsel,* for respondent.

Rummel, J.*—On September 18, 1973, defendant was declared a habitual traffic offender in a proceeding instituted under the Washington Habitual Traffic Offenders Act, RCW 46.65. His driver's license was revoked at that time for a period of 5 years.

The present appeal follows defendant's conviction on October 14, 1975, for driving while his license was revoked and driving after having been declared a habitual traffic offender. The trial court denied defendant's pretrial motion to dismiss.

The sole issue presented upon this appeal is whether the failure of the trial court to appoint legal counsel for defendant at his license revocation hearing requires dismissal of the criminal convictions based thereon. We answer this question in the negative and affirm the judgment.

We note initially that a license revocation hearing is a civil proceeding designed solely for the protection of the public, and is not a criminal proceeding used to effect punishment. *State v. Scheffel,* 82 Wn.2d 872, 514 P.2d 1052 (1973). Defendant correctly argues that the "civil" label of the proceeding is not determinative. The rule adopted in *Argersinger v. Hamlin,* 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006 (1972), requiring appointment of counsel for indigents whenever there is present a potential for loss of liberty, has been applied in civil, as well as criminal contexts. *See, e.g., In re Luscier,* 84 Wn.2d 135, 524 P.2d 906 (1974) (permanent deprivation hearings); *Tetro v. Tetro,* 86 Wn.2d 252, 544 P.2d 17 (1975) (civil contempt proceedings). Loss of the privilege to drive a car, however, has

---

*Judge Bartlett Rummel is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

been declared not to be a deprivation of liberty. *State v. Scheffel, supra.*

■ Defendant contends that the license revocation proceeding was a necessary incident to, and a critical stage of, his subsequent criminal convictions and thus his Sixth Amendment right to counsel obtained. A "critical stage" is one in which there exists a possibility a defendant could be prejudiced in the defense of his case. *Garrison v. Rhay*, 75 Wn.2d 98, 449 P.2d 92 (1968). More specifically, it is one "in which a defendant's rights may be lost, defenses waived, privileges claimed or waived, or in which the outcome of the case is otherwise substantially affected." *State v. Agtuca*, 12 Wn. App. 402, 404, 529 P.2d 1159 (1974).

■ We hold that defendant's license revocation hearing was too remote from his subsequent convictions to constitute a critical stage of those criminal proceedings. *Compare McInturf v. Horton*, 85 Wn.2d 704, 538 P.2d 499 (1975) *with State v. Francis*, 85 Wn.2d 894, 540 P.2d 421 (1975).

In *State v. Francis, supra,* our Supreme Court ruled that uncounseled pre-*Argersinger* traffic convictions could support an RCW 46.65 license revocation. The court held that the prior proceedings did not "[precipitate] an immediate direct loss" and thus were found to be too remote from the consequences of the subsequent revocation hearing. In the case at bench, the habitual traffic offender declaration and license revocation also did not occasion an immediate loss of liberty. Defendant was merely put on notice that if he operated his vehicle within the following 5 years, he would be committing a gross misdemeanor. The loss of liberty ultimately imposed upon him was not a direct result of the revocation hearing. Defendant "could have avoided the impact of the act by restraining [himself] from breaking the law of this state." *State v. Scheffel, supra* at 878-79. In any event, we are unaware of any case which places the critical stage of a criminal proceeding at a point *before* the criminal proceedings actually begin—indeed, before the crime is even committed.

Moreover, defendant fails to set forth any instances of

prejudice. *See State v. Agtuca, supra* at 404-05. Although he hypothesizes that an appointed counsel could have asked for a stay of the order of declaration and revocation pursuant to RCW 46.65.060, the defendant proffers no reasons why this discretionary stay would even have been considered by the trial court.

Judgment affirmed.

REED, A.C.J., and COCHRAN, J. Pro Tem., concur.

Petition for rehearing denied January 24, 1977.

Review denied by Supreme Court May 25, 1977.