[Nos. 2352–3; 2353–3. Division Three. September 7, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. ANTONIA RODRIGUEZ PONCE, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. HERIBERTO OZUNA, *Appellant.*

---

*Charles E. Corrigan* of *Evergreen Legal Services,* for appellants.

*Arthur R. Eggers, Prosecuting Attorney,* and *Carl L. Johnson, Deputy,* for respondent.

MUNSON, C.J.—This matter comes before the court upon an agreed set of facts. Both defendants were served with complaints alleging that they were habitual traffic offenders on the basis of their past driving convictions. (RCW 46.65.) In response to an order to show cause why they should not be found to be habitual traffic offenders, each defendant moved to dismiss the complaint against him arguing that the convictions underlying the complaints were invalid.

The trial court found the following facts applicable to the prior convictions of defendants: (1) neither defendant was advised of his right to counsel nor, if indigent, that he was entitled to court–appointed counsel; (2) each defendant was indigent and without means to secure counsel in at least one of the three convictions in district or municipal court; (3) neither defendant was represented by counsel in any of these proceedings, and (4) the defendants had pleaded guilty in each case without advice of counsel. The state's complaint indicates that on one occasion Mr. Ozuna was sentenced to jail after conviction in Oregon for driving under the influence. There is nothing to indicate Mr. Ponce had been sentenced to jail on any of his convictions.

The court concluded, however, that any constitutional or statutory defects in the underlying convictions did not invalidate those convictions under the habitual traffic offender act. The court further stated that freedom to drive a car on the public highways is a privilege and not a right. The state's purpose in such a civil proceeding is to protect its motorists from mayhem on the highways, and therefore

the restrictions imposed on the state in a criminal proceeding are not germane in a habitual traffic offender case. Further, the loss of the privilege to drive is not a constitutional deprivation of life, liberty or property. The court found that each of the defendants was a habitual traffic offender, and the right of each to drive was suspended for 5 years.

The defendants attack these convictions on the constitutional basis that indigents have a right to appointed counsel not only for felonies, but also for misdemeanors and petty offenses which may result in loss of liberty. *McInturf v. Horton,* 85 Wn.2d 704, 538 P.2d 499 (1975).

■ These habitual traffic offender proceedings are separate from the original driving convictions and may not be collaterally attacked, *State v. Petersen,* 16 Wn. App. 77, 79–80, 553 P.2d 1110 (1976). Thus, defendants' constitutional challenge is not governed by the principles in *Argersinger v. Hamlin,* 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006 (1972). *McInturf v. Horton, supra,* is not applicable; that was a direct appeal, not a collateral attack.

The judgments are affirmed.

GREEN and ROE, JJ., concur.

Reconsideration denied October 30, 1978.

Review granted by Supreme Court February 16, 1979.