[No. 7610-8-I.   Division One.   July 7, 1980.]

THE STATE OF WASHINGTON, *Respondent*, v. DONALD ANTHONY COOK, JR., *Appellant*.

*Allen Lane Carr,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Robert Conklin, Deputy,* for respondent.

WILLIAMS, J.—By information, Donald Anthony Cook, Jr., was charged with second–degree assault. RCW 9A.36-.020. The information also charged that Cook was armed with a deadly weapon, RCW 9.95.040, which was a firearm, RCW 9.41.025. In a trial to the court without a jury, Cook was found guilty as charged. He appeals, challenging the constitutionality of RCW 9.95.040 and RCW 9.41.025; we affirm.

RCW 9.95.040 limits the authority of the Board of Prison Terms and Paroles to fix a sentence of less than 5 years' imprisonment if the defendant has not previously been convicted of a felony and was armed with a deadly weapon at the time of the commission of the felony charged. RCW 9.41.025 enhances the penalty of a defendant who commits a felony while armed with a firearm by depriving the trial court of the discretion to suspend or defer sentence and by requiring incarceration for a specified statutory period. Cook argues that application of those two statutes violates the doctrine of equal protection because they aggravate the penalty for second–degree assault when they cannot be applied to aggravate the penalty for first–degree assault. *State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978).

In *Workman,* the court held that RCW 9.41.025 could not be applied to aggravate the penalty for first–degree robbery because possession of a deadly weapon, which includes any firearm under RCW 9A.04.110, is an essential element of the crime. Presumably, the legislature took that aggravating factor into account in fixing the penalty for first–degree robbery. This principle has been applied to the crime of first–degree assault, which also requires proof of use of a deadly weapon as an essential element. *State v. Caldwell,* 23 Wn. App. 8, 591 P.2d 849 (1979).

But, where a defendant commits second–degree assault, the penalty may be aggravated under RCW 9.41-.025 because possession of a deadly weapon is not an essential element of that crime. *State v. Foster,* 91 Wn.2d 466, 589 P.2d 789 (1979). In that case the Supreme Court said at page 477:

Had appellant been convicted of assault in the first degree under RCW 9A.36.010(1)(a), this contention might have merit. However, he was not so convicted, and we reject his challenge because the use of a deadly weapon or firearm is not a necessary element of the crime of second–degree assault as defined in RCW 9A.36.020. *See State v. Jackson,* 70 Wn.2d 498, 424 P.2d 313 (1967); *State v. Curtis,* 14 Wn. App. 735, 544 P.2d 768 (1976). This conclusion is consistent with our holding in *State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978), in which we held that RCW 9.41.025 could not be applied so as to impose an additional penalty to a conviction for first–degree robbery, which contains the element of possession of a *deadly weapon.* In *Workman,* we recognized that a firearm is considered a deadly weapon under RCW 9A.04.110. We concluded that since possession of a deadly weapon was an element of first–degree robbery, the penalty for the robbery already took that aggravating factor into account. Since the second–degree assault statute, unlike the first–degree robbery statute in *Workman,* calls for no necessary proof of possession of a deadly weapon as an element of the crime, we find that the application of the firearm enhancement statute in this case was proper.

In *State v. Burley,* 23 Wn. App. 881, 883, 598 P.2d 428 (1979), the Court of Appeals stated:

It is true that a statute or statutes which prescribe different punishments for the same acts committed under the same circumstances by persons in like situations are in violation of the equal protection clauses of the state and federal constitutions, and that a criminal conviction based thereon cannot stand. This rule, of course, applies only when the statutes describe identical crimes: the equal protection guaranties are not contravened if the statutes require proof of different elements in order to convict for each offense.

(Citations omitted.) *See also State v. Wanrow,* 91 Wn.2d 301, 312, 588 P.2d 1320 (1978); *Olsen v. Delmore,* 48 Wn.2d 545, 295 P.2d 324 (1956); *State v. Hines,* 5 Wn. App. 587, 489 P.2d 746 (1971).

Each degree of assault requires proof of distinct essential elements. The elements making up the charge of second–

degree assault against Cook were that he knowingly assaulted another with a weapon or other instrument likely to produce bodily harm and did knowingly inflict grievous bodily harm upon another. The elements making up the charge of first–degree assault are:

> Every person, who with intent to kill a human being, or to commit a felony upon the person or property of the one assaulted, or of another, shall be guilty of assault in the first degree when he:
> (a) Shall assault another with a firearm or any deadly weapon or by any force or means likely to produce death; or
> (b) Shall administer to or cause to be taken by another, poison or any other destructive or noxious thing so as to endanger the life of another person.

RCW 9A.36.010(1). It can be seen that the elements of first– and second–degree assault are different.

Cook was in the same position as all others similarly charged and was subject to the same penalties. The power of the legislature to define crimes and prescribe punishments is virtually unlimited. It is the prerogative of the legislature to determine the kinds and severity of punishment appropriate to each offense and to each degree of a given offense, subject only to the limitations that it not be cruel or unusual, or call for excessive fines. *Hendrix v. Seattle*, 76 Wn.2d 142, 157, 456 P.2d 696 (1969). Equal protection does not require first–degree and second–degree assault, each with distinct essential elements, to be punished in any particular fashion.

The foregoing reasoning applies to RCW 9.95.040 as well. In any event, RCW 9.95.040 is equally applicable to both first– and second–degree assault. *State v. Workman, supra.*

The judgment is affirmed.

JAMES, A.C.J., and ANDERSEN, J., concur.

Reconsideration denied September 8, 1980.