[No. 19911-1-I.  Division One.  August 15, 1988.]

THE STATE OF WASHINGTON, *Respondent,* v. LEON BRIGHAM, *Appellant.*

*Scott J. Engelhard* and *Preston, Thorgrimson, Ellis & Holman,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Ray McFarland, Deputy,* for respondent.

WILLIAMS, J.—Leon Brigham and Roy Lee Bluford engaged in an escalating physical conflict, with Bluford the more aggressive of the two until Brigham pulled out a knife and stabbed him to death. Brigham was convicted by a jury of second degree murder. The "to convict" instruction listing the elements of the crime read in pertinent part:

To convict the defendant of the crime of murder in the second degree as charged, the state must prove each of the following elements of the crime beyond a reasonable doubt:

Element 1: That between January 13, 1984 and January 14, 1984, the defendant stabbed Roy Lee Bluford; and

Element 2: That the defendant either:

(a) acted with intent to cause the death of Roy Lee Bluford

or

(b) was committing assault in the second degree and that he caused the death of Roy Lee Bluford in the course of and in furtherance of the crime of assault in the second degree; and

Element 3: That on or about March 30, 1984, Roy Lee Bluford died as a result of the defendant's acts; and

Element 4: That the defendant was not acting in lawful self defense; and

Element 5: That the acts occurred in King County, Washington.

Instruction 12.

Brigham makes two principal arguments on appeal. He contends that although he may not have reasonably feared death or great bodily injury under the homicide self–defense instruction given to the jury, *see* RCW 9A.16.050, he may have reasonably feared some bodily injury and therefore lawfully defended himself from Bluford. *See* RCW 9A.16.020(3); WPIC 17.02. Brigham argues that had an instruction on self–defense for assault been given, the jury might have determined he did not commit the underlying crime in the element 2(b) felony murder alternative. Brigham also contends he cannot be convicted of element 2(b) because under RCW 9A.32.050(1)(b), a person is guilty

of second degree murder when, in the course of a felony, he "causes the death of a person other than one of the participants"; Brigham argues that Bluford was a "participant" in the second degree assault which led to his death.

The answer to both of these contentions is found in the facts themselves. When the conflict began, Brigham may have had a right to defend himself; his displaying a knife may well have been a reasonable response to Bluford's attack. Had the episode ended there, a jury could have found Brigham justified in resisting Bluford in this way and thus no crime. But when Brigham moved to stab Bluford, the character of their encounter changed from an altercation between the two men to an assault by Brigham upon Bluford. Brigham thrust his knife into Bluford's back eight times; this was excessive force as a matter of law under the circumstances, and could not be successfully interjected as self-defense to Bluford's attack. The evidence does not support an assault self-defense instruction, and therefore the omission of such an instruction was not error. *See State v. King,* 24 Wn. App. 495, 501, 601 P.2d 982 (1979).

The facts also show that Bluford was not a "participant" in the assault upon himself; he may have started the fight which led to his death, but he was not a "principal or accomplice" in the assault. *See State v. Toomey,* 38 Wn. App. 831, 840, 690 P.2d 1175 (1984), *review denied,* 103 Wn.2d 1012, *cert. denied,* 471 U.S. 1067 (1985). Nothing in the record indicates he helped to stab himself, or solicited, commanded, encouraged, or requested Brigham to do so. *See* RCW 9A.08.020(3). Both alternatives of the "to convict" instruction are supported by the evidence. Because Bluford was not a participant, the omission of the "participant" element from the 2(b) alternative was harmless.

Brigham also contends the court erred in not giving his proposed instructions on excessive force, thus preventing him from arguing his theory that he reasonably believed he was in danger of death or great bodily harm, but his use of excessive force may have been reckless or negligent, thereby

making his crime manslaughter rather than second degree murder. *See State v. Jones,* 95 Wn.2d 616, 622–23, 628 P.2d 472 (1981). Instructions on both first and second degree manslaughter were given; Brigham was able to argue his theory and the jury was at liberty to find a lesser included offense. The refusal to give the proposed instructions was not error.

The judgment is affirmed.

SWANSON and GROSSE, JJ., concur.

Review denied by Supreme Court November 29, 1988.