[No. 22631-2-I.    Division One.    January 8, 1990.]

THE STATE OF WASHINGTON, *Respondent*, v. JERRY R. TRULL, *Appellant*.

*Lenell Nussbaum* of *Washington Appellate Defender Association,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Connie Crawley, Deputy,* for respondent.

*Robert C. Boruchowitz* on behalf of Washington Defender Association and Washington Association of Criminal Defense Lawyers, amicus curiae for appellant.

WINSOR, J.—Jerry Trull, age 15, appeals an order of disposition finding him guilty of third degree malicious mischief. We reverse.

Trull was not represented by counsel at his fact–finding and disposition hearing. At the hearing, the prosecutor stated: "It's my understanding that the respondent was not eligible for court appointed counsel as there was no detention time in the standard range." The trial court did not directly respond to this statement, but immediately asked Trull if he understood what the prosecutor had said. Trull replied that he did.

The prosecution's evidence consisted of two witnesses. The victim testified that she owned a 1977 Pontiac Grand Prix in which the front and rear windows had been broken. She did not see either window being broken, but did notice a brick on the sidewalk near the car. She testified that the repair cost would be at least $478 for the windows.

R., the victim's 11–year–old son, testified that he saw Trull on the night in question as he was walking home from a birthday party. According to R., Trull was chasing another boy, C., down the street. C. ran into the victim's yard, and hid somewhere near the house. R. saw Trull run by the car, and heard a loud shattering noise as Trull passed the car. He did not see Trull throw a brick or anything else toward the window.

Acting in his own defense, Trull called his mother to the stand, but didn't formulate any questions to ask her. Trull's mother volunteered some information concerning a discrepancy in the victim's story, but most of her testimony consisted of hearsay and irrelevant information.

Trull then testified and gave a version of the facts different from R.'s account. He stated that C. had shot another boy, T., in the head with a BB gun. Trull then proceeded to chase C. C. fell down on the ground, and Trull picked him up. Trull then told C. to tell T. he was sorry, which C. did. Trull testified that he never threw a rock or broke a window. On cross examination, Trull disputed R.'s testimony that C. had hidden in the yard.

After hearing the evidence, the judge found Trull guilty of malicious mischief. The court then proceeded to disposition. The court found Trull to be a "minor or first offender". Trull received a sentence consisting of 6 months of community supervision with 8 hours of community service and was ordered to pay $250 in restitution.

On appeal, Trull contends that the trial court denied him his statutory and constitutional right to counsel, and that insufficient evidence supports the court's finding that he committed the offense.

The Legislature codified a juvenile's right to counsel as a part of the Juvenile Justice Act of 1977, RCW 13.40.010 *et seq.* RCW 13.40.140(2) provides in pertinent part:

> A juvenile and his or her parent, guardian, or custodian shall be advised by the court or its representative that the juvenile has a right to be represented by counsel at all critical stages of the proceedings. Unless waived, counsel shall be provided to a juvenile who is financially unable to obtain counsel without causing substantial hardship to himself or herself or the juvenile's family, in any proceeding where the juvenile may be subject to transfer for criminal prosecution, *or in any proceeding where the juvenile may be in danger of confinement.* The ability to pay part of the cost of counsel does not preclude assignment.

(Italics ours.) The key question here is whether Trull was "in danger of confinement" and thus entitled to appointed counsel.[1]

▮ Confinement could have been imposed on Trull as a "minor or first offender" if the trial court determined that a disposition of community supervision would effectuate a manifest injustice. *See* RCW 13.40.160(2). The maximum term for malicious mischief in the third degree, a gross misdemeanor, is 1 year. RCW 9A.20.021(2). However, the court imposed only community service and supervision on Trull. Thus, Trull faced a possibility of, but did not receive, actual confinement.

---

[1]The State does not dispute that Trull and his family are financially unable to afford private counsel.

In *McInturf v. Horton,* 85 Wn.2d 704, 538 P.2d 499 (1975), the Supreme Court decided a very similar issue in the adult context. There the issue was whether counsel must be appointed for an indigent defendant in a misdemeanor case in which the conviction may result in a loss of liberty. The defendant had violated a city ordinance that was punishable by imprisonment of up to 6 months in jail and/or a fine of up to $500. Former court rule JCrR 2.11(a)(1) extended the right to counsel to "all criminal proceedings for offenses *punishable* by loss of liberty . . .." (Italics ours.) *McInturf,* 85 Wn.2d at 705; *see* CrRLJ 3.1(a).

Finding this language unambiguous, the court held that the rule mandated the appointment of counsel in every case in which loss of liberty is permitted by law. The court rejected the idea that a trial court could decide in advance of trial whether a defendant had the right to counsel, based on the likelihood of receiving a term of imprisonment:

> The power to decide what acts shall be criminal, to define crimes, and to provide what the penalty shall be is legislative. The legislative body likewise classifies crimes in accordance with seriousness, *i.e.,* felonies, gross misdemeanors, and misdemeanors. Any crime for which the legislative authority has provided incarceration as the penalty, or as one of the possible penalties, is within the terms of the rule. It would be wholly wrong for a court or a judge to determine in advance to abrogate a part of a statute or ordinance—either in a specific case or in a whole class of cases.

*McInturf,* 85 Wn.2d at 706.

Similarly, the Legislature has provided incarceration as a possible penalty for Trull's offense. Under RCW 13.40-.160(2), the court could have imposed confinement after finding manifest injustice. Regardless of how unlikely actual confinement may have appeared to the judge at the outset of the case, the trial court was given the option by the Legislature to incarcerate Trull. Therefore, we believe that the rule of *McInturf* should apply. If a trial court decides in advance of trial that it will not incarcerate, it is abrogating its responsibilities under the statute. Not until the court has heard the facts of the case and learned about

the child's background and needs can it make an informed decision concerning whether to find a manifest injustice and incarcerate. The trial court owes this responsibility to both the child and the community; it cannot eliminate the option of imposing confinement until it has a complete understanding of the case.

As a matter of law, we hold that Trull was in "danger of confinement" within the meaning of RCW 13.40.140(2). Thus, the trial court denied Trull his statutory right to counsel. We therefore need not reach the issue of whether Trull's constitutional right to counsel was denied. *State v. Ng*, 110 Wn.2d 32, 36–37, 750 P.2d 632 (1988).

The remaining issue is Trull's challenge to the sufficiency of the evidence. If R. is believed, Trull was the only person near the car when the damage was done. The circumstantial evidence was sufficient.

The order of disposition is reversed and the cause is remanded for further action not inconsistent with this opinion.

SWANSON and PEKELIS, JJ., concur.

After modification, further reconsideration denied February 20, 1990.