IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37719-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD JOHN RICHARDSON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, J. — Richard John Richardson appeals the sentence imposed following

remand from an earlier appeal. He contends that the trial court failed to consider

evidence of mitigating circumstances supporting his request for an exceptional sentence.

In addition, Mr. Richardson contends that the standard-range sentence imposed by the

trial court was disproportionate to his culpability and violates his constitutional rights

against cruel punishment. We affirm.

FACTS

Mr. Richardson and three other codefendants hatched a plan to rob one of their

drug dealers. While planning the robbery, one of the men, Isaiah Freeman, suggested

killing the victim. During the robbery, Mr. Richardson acted as a lookout and a

participant in the robbery and murder. In 2018, a jury found Mr. Richardson guilty of

murder in the first degree under the felony murder statute and conspiracy to commit first degree robbery. Report of Proceedings (RP) (March 15, 2018) at 997-98. The detailed allegations underlying the convictions are laid out in *State v. Richardson*, 12 Wn. App. 2d 657, 459 P.3d 330 (2020).

At his April 20, 2018 sentencing, Mr. Richardson raised several issues. He argued that the murder and robbery convictions constituted same criminal conduct for purposes of calculating Mr. Richardson's offender score. He also requested an exceptional sentence below the standard range based on mitigating circumstances. And finally, he asserted that the mandatory minimum sentence was void for vagueness as applied to felony murder and constituted cruel punishment given Mr. Richardson's level of involvement.

In support of his request for an exceptional sentence, Mr. Richardson's attorney pointed to several mitigating factors, including duress and inducement. Counsel pointed out that Mr. Richardson was not privy to some of the statements by Freeman about plans to kill the victim. Counsel also noted that after the crime was completed, Freeman threatened all of the other participants with harm if they said anything.

Mr. Richardson did not testify at his trial. During allocution at his April 20, 2018 sentencing, he told the judge that he was not aware of plans to kill the victim. Mr. Richardson also asserted that Freeman threatened him during the commission of the murder. While he admitted being in the room during the murder and handing a frying

pan to Freeman who was standing over the victim, Mr. Richardson explained that

Freeman was threatening him (Richardson) with a knife at the time.

Following Mr. Richardson's allocution, the trial court calculated his offender score

at 2, finding that the robbery and murder did not constitute the same criminal conduct.

The court calculated Mr. Richardson's standard range for first degree murder at 261 to

347 months. Next, the court recognized that mitigating factors would allow the court to

sentence below the standard range. Nevertheless, the court declined to find mitigating

circumstances, noting that the evidence at trial did not support Mr. Richardson's claim of

duress or inducement. Ultimately, the court rejected the State's request for a high-end

standard range sentence. Instead, the court imposed a low-end sentence of 261 months,

plus 24 months for the deadly weapon enhancement, to run concurrent with the sentence

of 30.75 months on the robbery conviction.

In his first appeal, Mr. Richardson challenged a hearsay objection, the jury

instruction on robbery, the calculation of his offender score, and the imposition of

financial obligations. This court reversed his conviction for conspiracy to commit first

degree robbery. *Richardson*, 12 Wn. App. 2d at 668. The State chose not to retry Mr.

Richardson on the robbery charge. At Richardson's August 10, 2020 resentencing, the

parties acknowledged the mandatory minimum sentence of 20 years for first degree

murder under RCW 9.94A.540(1). The court calculated Mr. Richardson's offender score

at zero and his standard range at 240 to 320 months plus a 24-month deadly weapon enhancement.

The State asked for a sentence at the bottom of the standard range. Notably, Mr. Richardson's attorney agreed with the State, stating, "So we are asking for the Court to impose the low end of the range, 240 months, and then with the additional 24 months deadly weapon enhancement for 264 months." Supp. RP at 6. Although counsel commented that there were mitigating factors, as addressed at the first sentencing hearing, counsel did not ask the court to go below the standard range and never uttered the phrase "exceptional sentence." Nor does the record contain a sentencing memorandum requesting an exceptional sentence. Counsel did indicate that he was preserving his prior constitutional objection to the mandatory minimum sentence.

The court offered Mr. Richardson an opportunity for allocution, but he declined. The court then imposed the sentence requested by both parties of 264 months, a sentence at the bottom of the standard range.

ANALYSIS

Mr. Richardson appeals his standard range sentence. As a general rule, standard range sentences cannot be appealed. RCW 9.94A.585(1); *State v. Friederich–Tibbets*, 123 Wn.2d 250, 252, 866 P.2d 1257 (1994). While a defendant may not appeal the amount of time imposed under a standard range sentence, a defendant can appeal the

4

procedure by which the sentence was imposed.  *State v. Ammons*, 105 Wn.2d 175, 183,

713 P.2d 719 (1986).

Mr. Richardson argues that the trial court's procedures at resentencing were

flawed.  He contends that the trial court overlooked evidence of mitigation presented at

trial and failed to consider Mr. Richardson's allocution at his first sentencing hearing,

thereby penalizing Mr. Richardson for exercising his right not to testify at trial.  All of

these issues are premised upon Mr. Richardson's assertion that he requested an

exceptional sentence at his second sentencing.  He did not.  Mr. Richardson asked for a

low-end standard range sentence.  While suggesting that there were mitigating

circumstances, he did not ask the court to consider those circumstances as a basis to

impose an exceptional sentence.  The phrase "exceptional sentence" was never uttered.

There was no request, written or oral, for a sentence below the standard range.  Since Mr.

Richardson did not ask for an exceptional sentence, he cannot complain on appeal that

the trial court's procedure deprived him of a meaningful opportunity for an exceptional

sentence.  RAP 2.5(a); *See State v. Blazina*, 182 Wn.2d 827, 832, 344 P.3d 680 (2015).

Even if we were to consider the merits, Mr. Richardson's challenge to the sentence

that he asked for would fail.  On appeal, Mr. Richardson complains that the court did not

consider the evidence at trial or his first allocution in support of mitigating circumstances.

In truth, there is nothing in the record to support this argument.  The court did not refuse

to consider evidence of mitigation.  Instead, after hearing from Mr. Richardson and his

attorney, the trial court disagreed with their assessment of the credibility of the information provided. Where a trial court has considered the facts and concluded there is no basis for an exceptional sentence, the court has exercised discretion. *State v. Garcia-Martinez*, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997).

For the first time on appeal, Mr. Richardson suggests that the 20-year mandatory minimum sentence for first degree murder under RCW 9.94A.540(1) can be read to incorporate any sentencing enhancements. In other words, he contends that the 20-year mandatory minimum is met with an 18-year sentence added to a 24-month deadly weapon enhancement. Richardson failed to raise this argument below, and he does not cite any direct authority on appeal to support this position. We decline to consider the argument. RAP 2.5(a).

Finally, Mr. Richardson challenges the constitutionality of the 20-year mandatory minimum sentence as violating his right to be free from cruel punishment. Mr. Richardson argues that the sentence of 262 months for a conviction of felony murder violates both article I, section 14 of the Washington State Constitution and the Eighth Amendment of the United States Constitution. He contends that the sentence is grossly disproportionate to the offense based on his culpability in this case.

Although a sentence within the standard range for an offense is not appealable, Mr. Richardson is challenging the constitutionality of the sentence and whether it amounts to "cruel punishment" under article I, section 14 of the Washington State

6

Constitution.  RCW 9.94A.585(1).  A defendant is permitted to challenge the sentence imposed as unconstitutionally disproportionate to the offense that he committed.  *State v. Fairbanks*, 25 Wn.2d 686, 171 P.2d 845 (1946).  This issue requires the court to interpret the constitution in the context of the sentence imposed on Mr. Richardson.  As a result, the issue is reviewed de novo.  *State v. MacDonald*, 183 Wn.2d 1, 8, 346 P.3d 748 (2015).

The Washington State Constitution prohibits the infliction of "cruel punishment." Article I, section 14.  "Cruel punishment" under this section can include a sentence that is disproportionate to the offense.  *State v. Manussier*, 129 Wn.2d 652, 676, 921 P.2d 473 (1996).  Although Richardson here has asserted that his sentence violates both this provision of the Washington State Constitution and the Eighth Amendment, "the state constitutional proscription against cruel punishment affords greater protection than its federal counterpart." *Manussier*, 129 Wn.2d at 674.  "Therefore, if the state provision is not violated, the statute violates neither constitution." *State v. Morin*, 100 Wn. App. 25, 29, 995 P.2d 113 (2000).

We analyze Richardson's constitutional challenge with a strong presumption that the punishment authorized by the legislature is constitutional.  The legislature has "virtually unlimited" power to "define crimes and prescribe punishments." *State v. Cook*, 26 Wn. App. 683, 686, 614 P.2d 215 (1980).  As a result, "[i]t is the prerogative of the legislature to determine the kinds and severity of punishment appropriate to each offense

and to each degree of a given offense, subject only to the limitations that it not be cruel or unusual." *Id.* (citing *Hendrix v. Seattle*, 76 Wn.2d 142, 157, 456 P.2d 696 (1969), *overruled on other grounds by McInturf v. Horton*, 85 Wn.2d 704, 538 P.2d 499 (1975)).

Mr. Richardson raises an as-applied challenge to the constitutionality of his sentence, arguing that it is grossly disproportionate to his culpability. Under our State Constitution, Mr. Richardson's punishment for first degree felony murder is constitutionally disproportionate only if the punishment is clearly arbitrary and shocking to the sense of justice. *State v. Smith*, 93 Wn.2d 329, 344-45, 610 P.2d 869 (1980). The appropriate test for this analysis was set forth in *State v. Fain*, 94 Wn.2d 387, 617 P.2d 720 (1980). *Fain* instructs the court to look at (1) the nature of the offense, (2) the legislative purpose behind the statute, (3) the punishment defendant would have received in other jurisdictions for the same offense, and (4) the punishment meted out for other offenses in the same jurisdiction. *Id.* at 397.

The first *Fain* factor takes into account not only the general nature of the offense, but also the defendant's particular culpability. *State v. Moretti*, 193 Wn.2d 809, 831-32, 446 P.3d 609 (2019). In this case, Mr. Richardson was convicted of first degree felony murder. This is a class A felony with a maximum possible sentence of life imprisonment. RCW 9A.32.030(2); RCW 9A.20.021(1)(a). The mandatory minimum sentence is 20 years. RCW 9.94A.540(1)(a). The crime for which Richardson was sentenced was a serious, violent offense.

8

Categorically, the felony murder statute has withstood scrutiny against claims that it constitutes cruel and unusual punishment. "The felony murder rule is harsh, but it has repeatedly survived claims that it violates the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and article I, sections 3, 12, and 14 of the Washington Constitution." *State v. Gilmer*, 96 Wn. App. 875, 892, 981 P.2d 902 (1999), *overruled in part on other grounds by State v. Salavea*, 151 Wn.2d 133, 86 P.3d 125 (2004); *See also State v. Goodrich*, 72 Wn. App. 71, 77-78, 863 P.2d 599 (1993); *State v. Crane*, 116 Wn.2d 315, 333, 804 P.2d 10 (1991); *State v. Wanrow*, 91 Wn.2d 301, 588 P.2d 1320 (1978).

While Richardson claims he is not raising a categorical challenge, he nonetheless argues that a person who commits first degree felony murder is generally less culpable than one who commits intentional murder, and yet the sentencing range for both crimes is the same. In essence, he posits that if a person who commits intentional murder can be sentenced to 20 years, then a person who commits the less culpable crime of felony murder should get less than 20 years. We reject this argument for two reasons.

First, Richardson's comparison argument is essentially a categorical challenge to the felony murder penalties. This argument has been rejected in the past, and we do not deviate from that precedent now. Moreover, as the State points out, felony murder is not simply a more serious version of the underlying felony, but a different crime altogether;

9

one that rises to the level of murder. *See Bowman v. State*, 162 Wn.2d 325, 333, 172 P.3d 681 (2007).

Nor is the first *Fain* factor a comparison analysis. In *Fain*, the court held that a life sentence as a habitual offender was unconstitutionally disproportionate to the underlying offenses. In considering the nature of the offenses, the court noted that Fain's underlying crimes were mere property crimes with aggregate losses less than $470. *Fain*, 94 Wn.2d at 397-98. The crimes did not include violence, threats, or weapons. *Id*. at 398. Instead, the offenses were considered relatively minor. *Id*. In this case the predicate felony was first degree burglary, a class A felony, which requires the use of violence or the possession of a deadly weapon. RCW 9A.52.020. Unlike the defendant in *Fain*, Richardson was not sentenced to 20 years for a relatively minor offense.

Reviewing the nature of the offense also requires that we consider the culpability of the offender who committed the crime. *State v. Moretti*, 193 Wn.2d at 832. Richardson minimizes his own culpability for this crime, arguing that he himself never intended to kill anyone and did not, in fact, kill the victim. This argument fails to acknowledge that Richardson participated in a violent burglary that turned deadly. Richardson had several opportunities to eject himself from this crime as it evolved from a burglary to a murder. Richardson stood guard as the crime began, assured a neighbor there were no problems, restrained Stewart, kicked him in the face, and handed Freeman

10

a frying pan used to hit Stewart in the face. Richardson's participation was not de minimis.

Turning to the second *Fain* factor, Richardson argues that the legislative purpose of the felony murder rule—to deter persons from causing a homicide during the commission of a felony—is ineffective because most felons, including Richardson, do not know about the felony murder. He does not cite any authority for his conclusion. Moreover, deterrence is just one of the penological objectives of the felony murder statute; another objective is retribution. "The legislature's intent underlying the felony murder statutes is to punish those who commit a homicide in the course of a felony under the applicable murder statute." *State v. Muhammad*, 194 Wn.2d 577, 606, 451 P.3d 1060 (2019). Richardson's actions fit squarely within the purpose of the statute.

As to the third *Fain* factor, Richardson acknowledges that Washington's sentencing scheme for first degree felony murder is comparable to other jurisdictions.

The fourth *Fain* factor requires a comparison of the sentence for felony murder with other offenses in Washington. In *Fain*, the court evaluated the defendant's life sentence as a habitual offender against the sentences he would have received without the enhancement, noting that the most serious offense carried a maximum sentence of ten years. *Fain*, 94 Wn.2d at 401. Richardson argues that first degree murder is the only offense that carries a mandatory minimum sentence of 20 years. *See* RCW 9.94A.540(1)(a). He continues that as between the different means of committing first

11

degree murder, felony murder is the least culpable because it does not require proof of an intent to kill. While Richardson argues that he is not the worst of the worst, he fails to establish that he would otherwise receive a shorter sentence under a different statute for his participation in this murder.

After applying the four factors set forth in *Fain*, we concluded that Richardson's sentence of 262 months, a sentence at the bottom of the standard range for participating in a burglary which culminated in a homicide, was not arbitrary or unjust. Categorically, the standard range punishment imposed on Mr. Richardson here did not amount to "cruel punishment" under article I, section 14. It was properly within the guidelines decided by the legislature, which determined the guideline sentencing range appropriate for the offense of felony murder.

We affirm Mr. Richardson's sentence.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____     _____
Fearing, J.                                    Pennell, C.J.