[No. 50970–1. En Banc. August 22, 1985.]

THE STATE OF WASHINGTON, *Respondent*, v. PATRICIA
M. LONG, *Petitioner*.

*Katherine Steele Knox*, for petitioner.

*C. J. Rabideau, Prosecuting Attorney*, and *David W. Corkrum, Deputy*, for respondent.

CALLOW, J.—The defendant, Patricia Long, appeals her conviction for negligent driving. She asserts that the district court judge should have provided her with court appointed counsel. She contends that because she was entitled to a jury trial she was also entitled to court appointed counsel, claiming that the right to counsel is coextensive with the right to a jury trial. We disagree. The conviction is affirmed.

On September 24, 1983, the defendant was issued a citation for negligent driving under RCW 46.61.525. RCW

46.61.525 provides:

> It shall be unlawful for any person to operate a motor vehicle in a negligent manner. For the purpose of this section to "operate in a negligent manner" shall be construed to mean the operation of a vehicle in such a manner as to endanger or be likely to endanger any persons or property: . . .
>
> . . . Any person violating the provisions of this section will be guilty of a misdemeanor: *Provided,* That the director may not revoke any license under this section, and such offense is not punishable by imprisonment or by a fine exceeding two hundred fifty dollars.

She appeared and presented to the court an affidavit of indigency in support of appointment of counsel. On October 19, 1983, the district court judge found her financially qualified but not entitled to court appointed counsel under JCrR 2.11(a), or otherwise, because the crime for which she was charged, negligent driving, does not carry a jail penalty. On appeal, the Superior Court affirmed the decision of the District Court. Notice for discretionary review was granted by the Court of Appeals which later entered an order certifying the case to this court pursuant to RCW 2.06.030(2), (d).

The right to counsel has been defined and elaborated upon during recent decades. *Gideon v. Wainwright,* 372 U.S. 335, 344, 9 L. Ed. 2d 799, 83 S. Ct. 792, 93 A.L.R.2d 733 (1963) granted to defendants in state courts the right to court appointed counsel for felony prosecutions stating:

> in our adversary system of criminal justice, any person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him.

Misdemeanor defendants also enjoy the right to counsel if faced with the possibility of incarceration upon conviction. *Argersinger v. Hamlin,* 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006 (1972). The Court said:

> We hold, therefore, that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial.

That is the view of the Supreme Court of Oregon, with which we agree. It said in *Stevenson v. Holzman,* 254 Ore. 94, 102, 458 P. 2d 414, 418 [(1969)]:

"We hold that no person may be deprived of his liberty who has been denied the assistance of counsel as guaranteed by the Sixth Amendment. This holding is applicable to all criminal prosecutions, including prosecutions for violations of municipal ordinances. The denial of the assistance of counsel will preclude the imposition of a jail sentence."

(Footnotes omitted.) *Argersinger,* at 37–38. The Court continued at page 40:

Under the rule we announce today, every judge will know when the trial of a misdemeanor starts that no imprisonment may be imposed, even though local law permits it, unless the accused is represented by counsel.

Subsequently the right of misdemeanor defendants to appointed counsel was again delineated in *Scott v. Illinois,* 440 U.S. 367, 373–74, 59 L. Ed. 2d 383, 99 S. Ct. 1158 (1979), the Court holding:

we believe that the central premise of *Argersinger*—that actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment—is eminently sound and warrants adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel. *Argersinger* has proved reasonably workable, whereas any extension would create confusion and impose unpredictable, but necessarily substantial, costs on 50 quite diverse States. We therefore hold that the Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense.

(Footnote omitted.)

The Washington State Constitution, article 1, section 22 (amendment 10) provides: "In criminal prosecutions the accused shall have the right to appear and defend in person, or by counsel . . ." Amendment 6 of the United States Constitution provides in part: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance

of counsel for his defense." The right to counsel under the state and federal constitutions has been held to be coextensive. *See, e.g., Hendrix v. Seattle,* 76 Wn.2d 142, 456 P.2d 696 (1969), *cert. denied,* 397 U.S. 948 (1970); *Tacoma v. Heater,* 67 Wn.2d 733, 409 P.2d 867 (1966). In *State v. Fitzsimmons,* 93 Wn.2d 436, 442–44, 610 P.2d 893, 18 A.L.R.4th 690, *vacated on other grounds,* 449 U.S. 977 (1980) we find:

> A criminal defendant's Sixth Amendment right to counsel attaches when a critical stage in a criminal prosecution resulting in loss of liberty is reached. *Kirby v. Illinois,* 406 U.S. 682, 32 L. Ed. 2d 411, 92 S. Ct. 1877 (1972); *Argersinger v. Hamlin,* 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006 (1972); *Tacoma v. Heater, supra; State v. Jackson,* 66 Wn.2d 24, 400 P.2d 774 (1965).
>
> . . .
>
> However, the right to access to counsel established in *Heater* is of a constitutional proportion and cannot be affected by the exigencies of such law office hours. Principal authority for the decision in *Heater* was the United States Supreme Court's opinion in *Gideon v. Wainwright,* 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792, 93 A.L.R.2d 733 (1963), which established the indigent's Sixth Amendment right to counsel at the expense of the state. That right was expressly extended to misdemeanor crimes resulting in imprisonment, such as the instant case, in *Argersinger v. Hamlin,* 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006 (1972).

*Hendrix v. Seattle, supra,* noted that the right to counsel is not the equivalent of the right to *free* counsel, stating:

> The right to have counsel apparently is not in constitutional law the exact equivalent of the right to free counsel. One can scarcely imagine a situation under our constitutions where an individual does not have the right to employ and consult with an attorney, but this manifest right does not signify that the people are constitutionally obliged to furnish counsel to him at public expense in the less serious offenses.

*Hendrix,* at 150–51. The court continued:

> The constitutions, we think, do not bar the establishment of more elaborate judicial procedures in misdemeanor

cases nor prevent the furnishing of counsel at public expense; they simply do not require them.

*Hendrix,* at 151. The court concluded, in part,

Stated otherwise, the extreme consequences affecting the public welfare engendered by providing counsel without cost in misdemeanor prosecutions charges the courts to proceed with great caution before imposing upon the general government unanticipated burdens and duties unless the constitutions may clearly require it.

. . .

The sovereign United States and the sovereign state of Washington came into existence with judicial systems designed to administer the criminal law in prosecutions for lesser offenses in a fashion more summary than that reserved for the more serious kinds of crimes . . .

*Hendrix,* at 152.

In *Tacoma v. Heater, supra,* the court commented that where the language of the parallel state and federal constitutions is similar, the state constitutional language should receive the same interpretation and definition given the federal provision by the United States Supreme Court. *Tacoma v. Heater, supra* at 736. *Hendrix v. Seattle, supra,* was superseded, insofar as it found no right to appointment of counsel in misdemeanor cases, by *McInturf v. Horton,* 85 Wn.2d 704, 705–07, 538 P.2d 499 (1975) which held:

JCrR 2.11(a)(1) is not ambiguous. The language refers to "*all* criminal proceedings for offenses *punishable* by loss of liberty" (Italics ours.) whether or not they are so *punished.*

We, therefore, hold that JCrR 2.11(a)(1) mandates the appointment of counsel in every case wherein loss of liberty is provided by law.

. . .

. . . It would be wholly wrong for a court or a judge to determine in advance to abrogate a part of a statute or ordinance—either in a specific case or in a whole class of cases.

. . .

If the legislature has provided for a jail sentence for any designated crime, then it follows that in any prosecution therefor, every person who is financially unable to

employ counsel must have counsel appointed unless he or she has intelligently and knowingly waived the right to counsel. No question of waiver is involved in this case. . . .

We adhere to *Hendrix v. Seattle,* 76 Wn.2d 142, 456 P.2d 696 (1969), so far as it deals with the power of the legislature. *Hendrix,* however, was prior to *Argersinger v. Hamlin,* 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006 (1972). Those portions of *Hendrix* which are in conflict with *Argersinger*—that is, the portion holding there is no right to appointment of counsel in misdemeanor prosecutions—are, of necessity, overruled.

Later, *State v. Ponce,* 93 Wn.2d 533, 611 P.2d 407 (1980) construed *McInturf* in light of *Scott v. Illinois, supra,* as follows:

In *McInturf v. Horton,* 85 Wn.2d 704, 538 P.2d 499 (1975), this court construed JCrR 2.11(a), adopted to comply with *Argersinger,* as affording a right to counsel in misdemeanor cases wherein conviction may result in loss of liberty. JCrR 2.11(a)(1) provides:
The right to counsel shall extend to *all* criminal proceedings for offenses *punishable* by loss of liberty regardless of their denomination as felonies, misdemeanors, or otherwise.
(Italics ours.) Emphasizing the italicized language, the *McInturf* court held that the right to counsel extends to all criminal proceedings for offenses punishable by loss of liberty "whether or not they are so *punished." McInturf,* at 705. The court specifically rejected the idea of conditioning the right to counsel upon the trial court's pretrial determination that punishment would be imposed.
In the recent decision of *Scott v. Illinois,* 440 U.S. 367, 59 L. Ed. 2d 383, 99 S. Ct. 1158 (1979), however, the United States Supreme Court adopted a more restrictive interpretation of the Sixth Amendment right to counsel in misdemeanor cases. The majority rejected the "authorized imprisonment" rule, and held that the constitutional right to counsel attaches only when "actual imprisonment" results:
Even were the matter *res nova,* we believe that the central premise of *Argersinger*—that actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment—is eminently sound and

warrants adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel.

*Scott,* at 373.

As actual imprisonment was not imposed for any of the traffic convictions sustained by Ponce, there was no constitutional violation under *Scott.* As discussed above, under our court rule, JCrR 2.11(a), the right to counsel extends to any case "punishable" by loss of liberty.

*Ponce,* at 537–38.

The rules of court define the protection to be given indigent defendants as follows: "The right to counsel shall extend to all criminal proceedings for offenses punishable by loss of liberty . . ." JCrR 2.11(a). The defendant proposes that under the state constitution the right to counsel should extend further. She argues that this court has found greater protection for the right to jury trial under the Washington Constitution than the federal courts have found under the United States Constitution.

The federal courts have read the United States Constitution as requiring jury trial only for those offenses considered serious. *Cheff v. Schnackenberg,* 384 U.S. 373, 16 L. Ed. 2d 629, 86 S. Ct. 1523 (1966) (crimes carrying penalties up to 6 months do not require a jury trial if otherwise qualified as petty offense); *Duncan v. Louisiana,* 391 U.S. 145, 20 L. Ed. 2d 491, 88 S. Ct. 1444 (1968) (federal constitution's Sixth Amendment right to jury trial is binding on the state). However, in *Pasco v. Mace,* 98 Wn.2d 87, 653 P.2d 618 (1982) a criminal defendant in Washington was held to have the right to a jury trial regardless of the serious or petty nature of the criminal offense charged, the court stating:

It is the general rule that where the language of the state and federal constitutions is similar, the interpretation given by the United States Supreme Court to the federal provision will be applied to the state provision. *Dutil v. State,* 93 Wn.2d 84, 606 P.2d 269 (1980). However, the state courts are at liberty to find within the provisions of their own constitutions a greater protection than is afforded under the federal constitution, as inter-

preted by the United States Supreme Court. . . .

. . .
It is evident, therefore, that the right to trial by jury which was kept "inviolate" by our state constitution was more extensive than that which was protected by the federal constitution when it was adopted in 1789. A jury trial was made available in cases of misdemeanor and municipal violations, even though no term of imprisonment was prescribed. From this, it might be concluded that the right which was preserved extended to prosecutions for every petty offense, regardless of its nature. However, it appears that in practice, juries were denied in the case of petty offenses involving little or no opprobrium and no punishment by imprisonment . . .

. . . It is our conclusion that, under the concept embodied in the constitution of Washington, enacted as it was in light of the laws of the territory existing at that time, no offense can be deemed so petty as to warrant denying a jury if it constitutes a crime.

. . .
At the same time, the Legislature has shown itself cognizant of the distinction between offenses which are criminal in nature and those to which such a stigma is not attached. . . . As for those offenses which carry a criminal stigma and particularly those for which a possible term of imprisonment is prescribed, the constitution requires that a jury trial be afforded unless waived.

(Citations omitted.) *Pasco,* at 96–97, 99–100.

We recognize that RCW 46.61.525 has not been decriminalized under RCW 46.63.020(30) and retains a minor stigma from the legislative disapproval of negligent driving. However, the Legislature has removed any possibility of license revocation or imprisonment reflecting the modest disapprobation it places on the violation.

■ We conclude that there is no federal or state constitutional requirement that an indigent defendant receive the assistance of appointed counsel where there is no possibility of incarceration. JCrR 2.11(a) grants a defendant charged with a misdemeanor the right to court appointed counsel when the offense is one where imprisonment *is possible* as punishment. There is no constitutional requirement or

requirement under JCrR 2.11(a) for the appointment of counsel for a defendant charged only with negligent driving.

The conviction is affirmed.

DOLLIVER, C.J., and UTTER, BRACHTENBACH, DORE, PEARSON, ANDERSEN, GOODLOE, and DURHAM, JJ., concur.