[No. 18650-1-II.   Division Two.   October 18, 1996.]

THE STATE OF WASHINGTON, *on the Relation of* KENNETH O. EIKENBERRY, *Respondent,* v. KLAUS FRODERT, *Appellant.*

22

*Thomas E. Doyle* and *Robert M. Quillian*, for appellant (appointed counsel for appeal).

*Christine O. Gregoire, Attorney General*, and *Frederick J. Caruso, Assistant; Bernardean Broadous, Prosecuting Attorney* for Thurston County, and *Jon Tunheim, Deputy*, for respondent.

TURNER, J. — Frodert was convicted of leading organized crime and other related drug charges. Then the State obtained a $250,000 civil judgment against Frodert based on his violation of the Criminal Profiteering Act. Frodert appeals the civil judgment, arguing that it violates the double jeopardy clause and the excessive fines clause of the Eighth Amendment. He also contends that the Criminal Profiteering Act is unconstitutional because it violates due process. Finally, he asserts that he was denied his constitutional right to legal counsel. We hold that the civil judgment in this case did not violate the double jeopardy clause or the Eighth Amendment's excessive fines clause because it is remedial in nature and thus does not constitute punishment. We uphold the constitutionality of the Criminal Profiteering Act because it provides sufficient process before seizure, forfeiture or the imposition of a penalty. Finally, we hold that Frodert was not entitled to representation by legal counsel because the civil suit did not involve a risk of incarceration. Thus, we affirm the $250,000 civil judgment imposed by the trial court.

## FACTS

Klaus Frodert was arrested on October 3, 1991, on suspicion of various drug-related offenses. He was ultimately charged with seven counts, including: one count of leading organized crime; four counts of delivery of a controlled substance; and two counts of possession with intent to deliver.

On October 16, 1991, the State brought a civil action under RCW 9A.82.100 against Frodert seeking orders "to prevent, restrain, and remedy the pattern of criminal profiteering . . . ." Specifically, the State sought: (1) a money judgment in the amount of the financial gain Frodert obtained through criminal acts, RCW 9A.82.100(4)(g); (2) a

civil penalty of $250,000, RCW 9A.82.100(1)(d); (3) forfeiture of Frodert's interest in real property subject to forfeiture, RCW 9A.82.100(4)(f); and (4) payment of the costs of investigation and prosecution, including attorney fees, incurred by the State, RCW 9A.82.100(4)(e).

In April 1992, Frodert was convicted of leading organized crime in violation of RCW 9A.82.060 as well as a number of the other charged drug offenses. In August 1992, the State moved for summary judgment against Frodert in the civil action. The State sought a $250,000 civil penalty under RCW 9A.82.100(1)(d), investigation costs and attorney fees. At the summary judgment hearing, the State argued that a civil judgment of $250,000 was justified by the large profit realized through Frodert's criminal conduct.

On October 21, 1992, the trial court granted the State's motion for summary judgment and awarded judgment against Frodert under the *civil penalty* provision of RCW 9A.82.100(1)(d). At a later hearing, the court entered a civil judgment in the amount of $250,000 plus $3,300 for investigative costs and fees. Frodert appealed.

## ANALYSIS

### I. Double Jeopardy

The $250,000 civil judgment against Frodert references RCW 9A.82.100(1)(d).[1] Nevertheless, the record indicates that the judgment was actually sought and ordered under a different subsection, RCW 9A.82.100(4)(g).[2]

---

[1]RCW 9A.82.100(1)(d) provides: "In an action filed to prevent, restrain, or remedy a pattern of criminal profiteering activity or a violation of RCW 9A.82.060 or 9A.82.080, the court, upon proof of the violation, may impose a civil penalty not exceeding two hundred fifty thousand dollars, in addition to awarding the cost of the suit, including reasonable investigative and attorney's fees."

[2]It would appear that, despite the judgment's reference to RCW 9A.82.100(d)(1), the judgment was in fact based on RCW 9A.82.100(4)(g). In absence of specific findings of fact on a particular issue, an appellate court may examine the trial court's oral opinion to determine the basis for the trial court's resolution of the issue. *Pedersen v. Bibioff,* 64 Wn. App. 710, 718, 828 P.2d 1113

That subsection authorizes judgment for the State in "an amount equal to the gain a person has acquired or maintained through an offense included in the definition of criminal profiteering." RCW 9A.82.100(4)(g). Exercising our discretion to affirm on any grounds supported by the record, *Syrovy v. Alpine Resources, Inc.*, 80 Wn. App. 50, 906 P.2d 377 (1995), *review denied*, 129 Wn.2d 1012 (1996), we hold that the civil judgment was proper under RCW 9A.82.100(4)(g) and that civil judgments under that provision do not run afoul of the double jeopardy clause. *See also State v. Halsen*, 111 Wn.2d 121, 757 P.2d 531 (1988) (upholding restitution award, even though trial court relied on wrong statue in ordering restitution, where award was warranted under proper statute).

■ The double jeopardy clause of the Fifth Amendment prohibits, among other things, multiple punishments for the same offense imposed in separate proceedings. *United States v. Halper*, 490 U.S. 435, 440, 109 S. Ct. 1892, 104 L. Ed. 2d 487 (1989); *State v. Gocken*, 127 Wn.2d 95, 100, 896 P.2d 1267 (1995). Whether a defendant's double jeopardy rights have been violated is a question of law and thus is reviewed de novo. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995).

■ To determine whether the double jeopardy clause applies to prohibit a civil judgment here, we must first ascertain (a) whether the imposition of a civil judgment constitutes "punishment," and if so, (b) whether the civil action and the criminal prosecution constitute separate proceedings arising from the "same offense." *See, e.g., United States v. $405,089.23 in U.S. Currency*, 33 F.3d 1210, 1216 (9th Cir. 1994), *amended by* 56 F.3d 41 (9th Cir. 1995), *rev'd on other grounds by* ___ U.S. ___, 116 S. Ct. 2135, 135 L. Ed. 2d 549 (1996); *State v. Cole*, 128 Wn.2d 262, 294, 906 P.2d 925 (1995) (Johnson, J., dissenting);

---

(1992). Here, the trial court's oral ruling stated that it received the State's materials documenting Frodert's gain and that it was "set[ting] the civil penalty in the amount of $250,000 as requested and based upon the materials submitted." The State's materials argued exclusively that the $250,000 civil penalty was justified because Frodert realized over $500,000 through his illegal drug transactions.

*State v. Higley*, 78 Wn. App. 172, 179, 902 P.2d 659, *review denied*, 128 Wn.2d 1003 (1995). If each of these inquiries is answered in the affirmative, the double jeopardy clause bars imposition of the civil judgment. The sole issue before this court is whether the civil judgment constitutes "punishment" under the double jeopardy clause.[3]

■■ A civil penalty may or may not constitute punishment for the purpose of the double jeopardy clause. *Halper*, 490 U.S. 435.[4] The determination of whether the penalty constitutes "punishment" "requires a particularized assessment of the penalty imposed and the purposes that the penalty may fairly be said to serve." *Halper*, 490 U.S. at 448. The *Halper* Court recognized that if a penalty is remedial in nature, it is not punishment:

> [U]nder the Double Jeopardy Clause a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution.

*Halper*, 490 U.S. at 448-49. And statutory penalty provisions serve a remedial purpose when they merely compensate the Government for the costs of investigation and prosecution.[5] *Halper*, at 448-49. A government imposed sanction will amount to punishment under the double jeopardy clause if and only if the sanction, "as applied in the individual case serve[d] the goals of punishment."

---

[3]Our conclusion that the civil judgment does not constitute punishment makes it unnecessary to reach the other prongs of the double jeopardy inquiry.

[4]*Halper* is still good law and is the lead case on the issue of a civil penalty. Recent cases are distinguishable. *United States v. Ursery*, ___ U. S. ___, 116 S. Ct. 2135, 135 L. Ed. 2d 549 (1996) and *Tellevik v. Real Property Known as 31641 West Rutherford Street*, 125 Wn.2d 364, 884 P.2d 1319 (1994) involve in rem forfeiture, not civil penalties. *Austin v. United States*, 509 U.S. 602, 113 S. Ct. 2801, 2812 n.14, 125 L. Ed. 2d 488 (1993) addresses the issue of excessive fines under the Eighth Amendment, not double jeopardy.

[5]"[T]he Government is entitled to rough remedial justice, that is, it may demand compensation according to somewhat imprecise formulas, such as reasonable liquidated damages or a fixed sum plus double damages without being deemed to have imposed a second punishment for the purpose of double jeopardy analysis." *Halper*, 490 U.S. at 446.

*Halper*, at 448. Retribution and deterrence are punishment, while the traditional remedial purpose of reimbursing the government for the costs incurred by the defendant's illegal conduct is not. *Halper*, 490 U.S. at 448-49. Thus, in the "rare case," where a penalty provision is *overwhelmingly disproportionate* to the damages the offender caused, the provision is likely more than remedial in nature and may amount to punishment.[6]

Statutory forfeiture and penalty provisions are also often designed to achieve a remedial purpose: that of separating the criminal from his or her ill-gotten gain. Federal courts have long held that criminal forfeiture statutes authorizing the forfeiture of "proceeds" of criminal conduct are remedial and thus do not implicate the double jeopardy clause.[7] Where the forfeiture applies to "proceeds" of illegal drug activity "it serves the . . . nonpunitive goal of ensuring that persons do not profit from their illegal acts." *United States v. Ursery*, ＿＿ U.S. ＿＿, 116 S. Ct. 2135, 2148-49, 135 L. Ed. 2d 549 (1996). The reasoning supporting this rule was stated in *United States v. Tilley*, 18 F.3d 295, 300 (5th Cir. 1994), *reh'g denied*, 22 F.3d 1096 (5th Cir. 1994), *cert. denied*, 115 S. Ct. 574 (1994):

---

[6]For such cases, the Supreme Court fashioned a "rule of reason":

"Where a defendant previously has sustained a criminal penalty and the civil penalty sought in the subsequent proceeding bears no rational relation to the goal of compensating the Government for its loss, but rather appears to qualify as "punishment" in the plain meaning of the word, then the defendant is entitled to an accounting of the Government's damages and costs to determine if the penalty sought in fact constitutes a second punishment. We must leave to the trial court the discretion to determine on the basis of such an accounting the size of the civil sanction the Government may receive without crossing the line between remedy and punishment."

*Halper*, 490 U.S. at 449-50.

[7]*See, e.g., United States v. Ursery*, ＿＿ U. S. ＿＿, 116 S. Ct. 2135, 135 L. Ed. 2d 549 (1996); *United States v. Various Computers and Computer Equipment*, 82 F.3d 582 (3rd Cir. 1996) (criminal forfeiture of proceeds under 18 U.S.C. § 981(a)(1)(C) does not constitute punishment); *United States v. Salinas*, 65 F.3d 551, 553 (6th Cir. 1995) (criminal forfeiture under 21 U.S.C. § 881(a)(6) does not constitute punishment); *United States v. Tilley*, 18 F.3d 295 (5th Cir. 1994), *reh'g denied*, 22 F.3d 1096 (5th Cir. 1994), *cert. denied*, 115 S. Ct. 574 (1994) (criminal forfeiture of proceeds under 21 U.S.C. §§ 881(a)(6) and (a)(7) is not punitive); *but see United States v. 9844 South Titan Court*, 75 F.3d 1470 (10th Cir. 1996).

[T]he property taken by the government was not derived from lawful activities, the forfeiting party loses nothing to which the law ever entitled him [or her]. . . . The possessor of proceeds from illegal drug sales never invested honest labor or other lawfully derived property to obtain the subsequently forfeited proceeds. Consequently, he has no reasonable expectation that the law will protect, condone, or even allow his continued possession of such proceeds because they have their very genesis in illegal activity. . . . Thus, we believe the forfeiture of proceeds from illegal drug sales is more closely akin to the seizure of the proceeds from the robbery of a federal bank than the seizure of lawfully derived real property . . . . because, "[t]he money, though in [the defendant's] possession is not rightfully his". . . .

(Citations omitted). Following the majority of jurisdictions, our State Supreme Court held that the civil forfeiture of "proceeds" traceable to illegal drug transactions, does not constitute "punishment" and does not implicate double jeopardy. *State v. Cole*, 128 Wn.2d 262, 278 n.10, 906 P.2d 925 (1995).

Following the edict of *Halper*, 490 U.S. 435, we conduct a particularized assessment of the purposes of the judgment imposed upon Frodert to determine whether it amounted to punishment. First, we conclude that the $250,000 civil judgment against Frodert does not constitute punishment as applied to him.[8] The trial court stated that it relied on the State's materials regarding Frodert's illegal gain in its decision to award the civil judgment. During the criminal trial, the State introduced evidence supporting its contention that, through his extensive drug transactions, Frodert grossed approximately one million

---

[8]An affidavit from a police investigator stated that Frodert admitted to purchasing a kilo of cocaine per month for the 18 months preceding his arrest at $25,000 per kilo. Frodert was selling the cocaine in 1/16 ounce portions for $100 each. The investigator estimated Frodert's gross profit at $1,015,200 and his net profit at $565,200. The affidavit of a financial investigator stated that from 1988 to 1991 Frodert had no identifiable source of income but he spent over $159,358.09. Relying on numerous documents and the admissions by Frodert, the financial investigator opined that the sources of income which accounted for Frodert's cash expenditures came from illegitimate sources, and here consistent with money made from a pattern of drug trafficking activity.

dollars and attained a net profit of approximately $500,000. We conclude that the court's entry of a civil judgment against Frodert to separate him from his illegal gain does not constitute punishment. Like the forfeiture of proceeds, the imposition of this $250,000 civil judgment can be fairly characterized as remedial because Frodert profited by at least double that amount. Accordingly, we hold that the civil judgment against Frodert does not violate the double jeopardy clause.

Next, we conclude that the purpose of RCW 9A.82.100(4)(g) is purely remedial. It authorizes judgments only in "an amount equal to the gain a person has acquired or maintained through [a criminal profiteering offense]."[9] The above-cited cases agree that forfeiture or repayment of the proceeds or profits of illegal conduct is nonpunitive. Thus, orders to pay amounts equal to a defendant's illegal gain, made pursuant under RCW 9A.82.100(4)(g), are by definition solely remedial and do not implicate the double jeopardy clause.

In sum, because the $250,000 civil judgment separating Frodert from his illegal gains is solely remedial, it does not constitute punishment and the double jeopardy clause is not implicated.

## II. Excessive Fine

The eighth amendment of the United States Constitution provides: "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." *See State v. Clark*, 124 Wn.2d 90, 102, 875 P.2d 613 (1994). As with the double jeopardy clause,

---

[9]In this respect, RCW 9A.82.100(4)(g) differs importantly from the subsections authorizing forfeiture of property; with RCW 9A.82.100(4)(g) the connection between the offense and the payment is explicit; that is, "the gain . . . acquired . . . through [the] offense . . . ." RCW 9A.82.100(4)(f)(iii) and (5)(c) authorize orders of forfeiture only if the State can establish that the property to be forfeited constitutes "proceeds traceable to or derived from an offense included in the pattern of criminal profiteering activity." RCW 9A.89.100(5)(c). It is the "tracing requirement" of subsections (4)(f)(iii) and (5)(c) that ensure that the forfeiture does not constitute punishment and does not implicate the double jeopardy clause.

the excessive fines clause only protects against "punishment." *See, e.g., Browning-Ferris Indus. v. Kelco Disposal, Inc.*, 492 U.S. 257, 265, 109 S. Ct. 2909, 2915, 106 L. Ed. 2d 219 (1989). But a civil sanction that is solely remedial is not punishment. *See Austin v. United States*, 509 U.S. 602, 113 S. Ct. 2801, 2812 n.14, 125 L. Ed. 2d 488 (1993). "Forfeiture of proceeds cannot be considered punishment, and thus, subject to the excessive fines clause, as it simply parts the owner from the fruits of the criminal activity." *United States v. Alexander*, 32 F.3d 1231, 1236 (8th Cir. 1994).

Because disgorgement of a defendant's illegal gain under RCW 9A.82.100(4)(g) is purely remedial, it does not constitute punishment. Accordingly, the statutory provision and civil judgment at issue here neither triggers nor violates the Eighth Amendment's proscription of excessive fines.

### III. Constitutionality of the Criminal Profiteering Act, Ch. 9A.82 RCW

▮▮ Frodert claims that RCW 9A.82 is unconstitutional because it violates the due process clause by failing to require a hearing surrounding the seizure. The State argues that Frodert lacks standing because none of his property was seized. The record supports the State's position. We are not obligated to entertain Frodert's constitutional challenge.[10]

Nonetheless, we conclude that RCW 9A.82.100 is not generally unconstitutional nor unconstitutional as applied to Frodert. In making his constitutional challenge, Frodert relies on *Everett v. Slade*, 83 Wn.2d 80, 515 P.2d 1295 (1973), and *Tellevik v. Real Property Known as 31641 West Rutherford Street*, 125 Wn.2d 364, 884 P.2d 1319 (1994),

---

[10]As the State notes, neither the criminal profiteering liens the State placed on Frodert's properties nor the lis pendens filings are considered "seizures." *See United States v. James Daniel Good Real Property*, 510 U.S. 43, 114 S. Ct. 492, 126 L. Ed. 2d 490 (1993); *In re Northwest Homes of Chehalis, Inc.*, 526 F.2d 505 (9th Cir. 1975), *cert. denied sub nom., Hanson v. Weyerhaeuser*, 425 U.S. 907 (1976).

both of which dealt with a former version of Washington's seizure and forfeiture statute, RCW 69.50.505. *Slade* held that the former RCW 69.50.505(b)(4) violated due process and was unconstitutional because it permitted seizure of property with a suspected drug connection without legal process. *Tellevik* examined the constitutionality of a more recent version of RCW 69.50.505 and concluded that the post-deprivation hearing mandated by the statute comported with due process requirement.

Frodert's reliance on the above cases is misplaced because RCW 69.50.505 is critically different from RCW 9A.82.100. Although RCW 69.50.505 requires only an ex parte proceeding prior to seizure of real property, it affords sufficient due process because the State may not take actual possession of the property until after a full, adversarial post-deprivation hearing. *See* RCW 69.50.505(b); *Tellevik*, 125 Wn.2d at 371-72. Under RCW 9A.82.100(4), however, all orders of forfeiture, seizure or civil penalty follow a court determination of liability. Because the statute clearly incorporates a hearing into the process, it survives the general constitutional due process challenge. Also, Frodert was given a number of opportunities but failed to submit any papers in opposition to the State's summary judgment motion. Thus, RCW 9A.82 is not unconstitutional as it was applied to Frodert.[11]

## IV. Sixth Amendment Right to Legal Counsel

Finally, Frodert claims that the trial court's refusal to appoint counsel in the civil action violated his constitutionally guaranteed right to counsel. We disagree.

---

[11]We also reject Frodert's argument that his due process rights were violated because the State failed to hold a postdeprivation hearing under RCW 69.50.505(e). The State did not proceed under RCW 69.50.505(e) and that statute does not apply here. Moreover, that RCW 9A.82.100 does not require a postdeprivation hearing does not render it unconstitutional. Any forfeiture, seizure or civil penalty under RCW 9A.82.100 is accomplished through legal proceedings to which the defendant is a party. Because RCW 9A.82.100(4) did not violate due process in this case, we affirm the trial court's imposition of a civil judgment against Frodert.

The September 21, 1992, hearing on the State's summary judgment motion was continued to October 5, 1992, "so that Klaus Frodert may make arrangements for substitute counsel to defend or to defend pro se." Frodert wrote to the court requesting appointment of counsel. The trial court denied Frodert's request but gave him until October 16 to file papers in opposition to the motion and rescheduled the hearing to October 21. On October 21, with no one appearing for Frodert and, having received no filings in opposition to the motion, the court granted the State's summary judgment motion.

We hold that the trial court properly refused Frodert's request for appointed counsel. *Scott v. Illinois*, 440 U.S. 367, 99 S. Ct. 1158, 59 L. Ed. 2d 383 (1979) (constitutional right to appointed counsel only attaches when the defendant is subjected to actual imprisonment); *United States v. 292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) (no Sixth Amendment right to counsel attached in civil forfeiture proceeding because imprisonment is not authorized by civil forfeiture statutes involved); *State v. Long*, 104 Wn.2d 285, 292, 705 P.2d 245 (1985) ("there is no federal or state constitutional requirement that an indigent defendant receive the assistance of appointed counsel where there is no possibility of incarceration.").[12]

Here, the State's civil action under RCW 9A.82.100 did not subject Frodert to any risk of imprisonment so the constitutional right to counsel did not attach. The trial court properly denied Frodert's request. The judgment is affirmed.

HOUGHTON, A.C.J., and MORGAN, J., concur.

Review denied at 131 Wn.2d 1017 (1997).

---

[12]Frodert asserts that the right to appointed counsel attaches if the proceeding is criminal. This is incorrect. Indeed in *Long*, 104 Wn.2d 286-88, the Washington State Supreme Court held that a defendant who was charged *criminally* with negligent driving was not entitled to appointed counsel because the negligent driving statute did not authorize imprisonment.